Davis, J.,
delivered the opinion of the court:
A report having been made to the Secretary of the Navy by the rear-admiral commanding the Asiatic station against the plaintiff herein in relation to a matter which occurred when the latter was in command of the U. S. S. Omaha, plaintiff requested that he be reinstated in command of his vessel or, otherwise, that the Secretary “ order a court of inquiry to make a full investigation of the occurrence ” which was the subject of the rear-admiral’s report.
The request for an inquiry was granted, a court was named to convene upon a United States vessel in the harbor of Nagasaki, Japan, and plaintiff received the following authorization and order:
“You are authorized, if you so desire, to appear before said court to cross-examine witnesses and to adduce such evidence *445 in your own bebalf as may be proper. Ton are therefore ordered to proceed to Yokohama, Japan, by way of San Francisco, taking passage in the steamer leaving that port for Yokohama about the latter part of this month, and on your arrival at Yokohama yon will report to the commander-in-chief, Asiatic station, for attendance before said court. Rear-Admiral Chandler is instructed to direct yon, on the conclusion of the investigation, to return to Yokohama, and there io remain until you receive through him further orders from the Department. ”
With these orders plaintiff complied; he attended the court of inquiry and July 23,1887, was ordered by Admiral Chandler to proceed by mail steamer from Nagasaki to Yokohama, there to remain until he received further orders from the Navy Department. Orders by cable from the Secretary of the Navy, dated December 31,1887, directed plaintiff to proceed home; this order he obeyed.
Plaintiff now seeks to recover the amount of his hotel bill at Yokohama upon the return trip. This he does upon the theory that while in Yokohama in obedience to orders he was “traveling abroad under orders.” The statute provides (22 Stat. L., 286; see also Supp, R. S., vol. 1, 2d ed., 59, 81, 109, and 377):
“Officers of the Navy travelling abroad under orders hereafter issued shall travel by the most direct route, the occasion for such order to be certified by the officer issuing the same, and shall receive in lieu of the mileage now allowed by law only their actual and reasonable expenses certified under their own signature and approved by the Secretary of the Navy.”
If, then, the plaintiff while stopping in Yokohama under orders “was travelling abroad under orders ” within the meaning of this statute, he should recover in this action, for it is not questioned that the hotel charge was an actual and reasonable expense.
For the defendants it is contended, that while in Yokohama plaintiff was on “waiting orders” and should receive only “waiting orders” pay and not “actual and reasonable expenses;” that his course upon the return trip was indicated only to Yokohama where he was to await orders, as the letter of the Secretary of the Navy instructed plaintiff upon “the conclusion of the investigation to return to Yokohama, and there to remain until you receive through him (the admiral) further orders from the Department.”
*446 As to a captain’s pay, there are the following provisions (Bev. Stat., sec. 1656):
“Captains, when at sea, four thousand five hundred dollars; on shore duty, three thousand five hundred dollars; on leave or waiting orders, two thousand eight hundred dollars. ”
Throughout the pay statute we And “leave or waiting orders ” coupled at the same rate of pay, but neither in the statutes nor regulations is there any deAnition of the term “waiting orders.” A naval officer would naturally await orders in his own country, and his service on the high seas or abroad would be classed either as “ sea” or “shore” duty, depending upon whether he were attached to a vessel or engaged in some special. service, such as that of naval attaché to an embassy or a legation. It appears atíomalous for an officer to be found in some foreign port and there ordered to indeAnitely await orders at his own expense. Such an order would in effect be unjust, as the theory of the lower grade, Axed as “waiting orders ” pay, must be founded upon the fact that the officer is at less expense while “ waiting orders ” than on sea or shore service, which is true if he be at home, and is not true if he be forced to await orders in a foreign town.
Traveling does not intend endless movement; a traveler is one who journeys to foreign lands; one who visits strange countries and people (Century Diet.). Plaintiff was not in movement while attending the court of inquiry at Nagasaki ; he was not in movement during the few days’ detention for a connecting steamship at Hiogo ; he was not in movement during the few days at Yokohama on the way out; yet properly his expenses at these places have been allowed him. At Nagasaki he had to await Admiral Chandler’s order to return to Yokohama, and the only difference between the plaintiff’s position at Yokohama and (before) at Nagasaki was that the admiral could give only one designated order, whereas the Secretary’s future order was uncertain in tenor.
The course of the Navy Department is shown in the And-ings; the Department did not consider the plaintiff, while at Yokohama, as on “waiting orders,” but as “travellingabroad under orders;” the form of order always states that the officer is oh “waiting orders;” it is contrary to practice to place officers on “waiting orders,” elsewhere than at their homes, except as a punishment, and then the fact that they are on “waiting orders” is speciAcally stated.
*447 The plaintiff’s destination after leaving Yokohama was dependent npon the Secretary’s discretion; there evidently was no intention of keeping him in that city indefinitely, but to move him to some other place, undetermined at the time of his departure from the United States, and which the Secretary preferred to indicate at a later day. He was in the condition of a traveler from the time he left the United States until he returned home, and in our opinion while at Yokohama after his return from Nagasaki plaintiff was “travelling abroad under orders.”
Judgment for plaintiff' for #416.22.